IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TERRYETT O. WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT, HERBERT LEE MERRIWEATH, ROSALIND GRAHAM, and CHILD PROTECTIVE SERVICES,<br><br>Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:08-CV-402 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff Terryett Woods filed a civil rights complaint[1] against Defendants Microsoft, Herbert Lee Merriweath,[2] Rosalind Graham, and Child Protective Services under 42 U.S.C. § 1983.[3]  Woods seeks only monetary relief.

Although the factual basis of Woods' claims is not well-developed, the core allegation appears to be that the defendants kidnapped Woods' children and took them to California for the purpose of prostitution.  After careful review, the court concludes that because the complaint

---

[1] The case was referred to the magistrate judge under 28 U.S.C. 636(b)(1)(B).

[2] In section C of the complaint, Woods occasionally spells the name of this defendant as "Merriweather."  However, since the caption and the majority of the other references in the complaint spell the name as "Merriweath," the court also refers to this defendant as "Merriweath."

[3] In filing this case, Woods used a form civil rights complaint.  The form calls for the plaintiff to check a line specifying whether the court has jurisdiction under 42 U.S.C. § 1983 or § 1985.  Since Woods did not check either line, the court deems this to be a section 1983 case.  *See Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992)(noting that because pro se pleadings must be liberally construed, the characterization of a claim by a pro se plaintiff is not dispositive on the availability of relief); *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992).

fails to allege that the defendants acted under color of state law, it should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]

## DISCUSSION

Woods is proceeding without prepayment of fees under 28 U.S.C. § 1915.  Under that provision, the case must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted.[5]  In making this determination, the court examines the specific allegations in the complaint to see if they plausibly support a legal claim for relief.[6]  In so doing, the court accepts all well-pleaded facts as true, construes the complaint liberally, and draws all reasonable inferences in favor of the plaintiff.[7]

Section 1983 provides a remedy for deprivation of a federal constitutional or statutory right by a person acting under color of state law.[8]  Thus, to state a claim under section 1983, the complaint must allege that the defendant was acting under color of state law at the time the claims arose.[9]  In this case, Woods freely admits in the complaint that none of the defendants was

---

[4]*See Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1206 (10th Cir. 2005).

[5]28 U.S.C. § 1915(e)(2)(B)(ii).

[6]*Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007).

[7]*Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd on other grounds*, 545 U.S. 748 (2005); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[8]*Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005); *Yanaki*, 415 F.3d at 1207.

[9]*Beedle*, 422 F.3d at 1065; *Yanaki*, 415 F.3d at 1207-08.

acting under color of state law at the time of the allegedly unlawful conduct.[10] The complaint, therefore, fails to state a claim upon which relief can be granted.

It might be argued that Defendant Child Protective Services is a state actor.[11] As with the other defendants, however, Woods checked the line on the complaint indicating that Child Protective Services did not act under color of state law. Further, even assuming that Child Protective Services is a state actor, liability under section 1983 claim requires that the defendant personally participate in the unlawful acts.[12] The complaint in this case contains no allegations whatsoever against Child Protective Services. The court also notes that Woods has not alleged that the private defendants conspired with Child Protective Services in committing the alleged wrongdoing. Thus, the color-of-state-law requirement may not be based on joint action between state and private actors.[13] Finally, as Child Protective Services appears to be a state agency, any claim against it likely would be barred by the Eleventh Amendment.[14] Accordingly, the complaint fails to state a claim against any of the defendants.

At most, the complaint appears to allege common law torts against Woods and the children.[15] In a case with somewhat similar facts, the Supreme Court observed that subject matter

---

[10] In response to questions on the form complaint whether the defendants were acting under the authority or color of state law at the time the claims occurred, Woods checked the "No" option for each defendant.

[11] According to the complaint, Child Protective Services is a citizen of the State of California.

[12] *Beedle*, 422 F.3d at 1072 ("Liability under § 1983 requires personal participation in the unlawful acts.").

[13] *See, e.g., Beedle*, 422 F.3d at 1071, 1073; *Yanaki*, 415 F.3d at 1209-10; *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

[14] *See Roman-Nose*, 967 F.2d at 438. In addition, it is questionable whether this court would have personal jurisdiction over a California state agency, and whether the District of Utah is the proper venue. *Id.* at 438 n.2.

[15] The court notes, however, that the children are not named as plaintiffs in the complaint.

jurisdiction may exist under the diversity statute, 28 U.S.C. § 1332.[16]  In this case, however, there is not complete diversity of citizenship among the parties.[17]  According to the complaint, Woods and Defendants Graham and Merriweath are all citizens of the State of Utah.  Thus, this court does not have jurisdiction under the diversity statute.

## RECOMMENDATION

The complaint fails to state a claim upon which relief may be granted.  Therefore, it should be dismissed under 28 U.S.C. § 1915(e).

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation.  The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

June 23, 2008.

                                  BY THE COURT:

                                  _____
                                  David Nuffer
                                  U.S. Magistrate Judge

---

[16] *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).

[17] *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)(stating that "a party must show that complete diversity of citizenship exists between the adverse parties.").